```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

YEN HWA HUANG,

         Plaintiff,

      -v-                                                    No.   1:20-cv-3548-LTS-SN

HONG KONG AND SHANGHAI
BANKING CORP., LTD, A
FOREIGN COMPANY; HSBC BANK USA,
N.A., A NATIONAL BANKING
ASSOCIATION; AND DOES 1 THROUGH
100, INCLUSIVE,

         Defendants.

-------------------------------------------------------x
```

## MEMORANDUM ORDER

On November 3, 2022, the Court ordered Plaintiff to show cause by December 3, 2022, as to why this case should not be dismissed against certain defendants—Plaintiff has failed to do so.  For the following reasons, the Court dismisses this action for failure to prosecute.

## BACKGROUND

The facts underlying this action were set out in detail in this Court's September 2022 Memorandum Opinion and Order (docket entry no. 27 (the "Opinion")); the parties' familiarity with that decision is presumed.  In brief, Plaintiff alleges that she was the victim of a financial scam in 2019 when a group of scammers, pretending to be "investigators," instructed her to make a series of wire transfers from her bank accounts to bank accounts at HSBC Hong Kong.  (Opinion at 2-3.)  Plaintiff originally filed this action in May 2020, naming several defendants: HSBC Hong Kong (the foreign bank that had accepted the wire transfers); HSBC

USA (the American bank that had served as an intermediary for the wire transfers); and Does 1 through 100 (the purported scammers).  (Docket entry no. 1.)  Plaintiff asserted causes of action for aiding and abetting fraud, aiding and abetting conversion, negligence, and violation of UCC Article 4A.  (Id., docket entry no. 15.)

Defendant HSBC USA subsequently filed a motion to dismiss under Rule 12(b)(6), which this Court granted in its September 2022 Opinion.  The Opinion concluded that each of Plaintiff's common law claims would be dismissed with prejudice for failure to state a claim, but that Plaintiff's claim under UCC Article 4A would be dismissed without prejudice with permission to file a motion for leave to further amend.  (Opinion at 15.)  In October 2022, Plaintiff filed her motion for leave to further amend along with her proposed second amended complaint.  (Docket entry no. 30.)  In November 2022, the Court entered an Order denying Plaintiff's motion to amend for reasons of futility, and consequently dismissing all claims against HSBC USA with prejudice.  (Docket entry no. 34 (the "Order").)  With regard to the remaining defendants, the Order directed as follows:

> By December 3, 2022, Plaintiff shall show cause as to why this case should not be dismissed as to Defendant HSBC Hong Kong, which was purportedly served electronically and has not appeared, and Defendants Does 1 through 100, which have not been identified and as to which no action has been taken.

Order at 8.

This December 3, 2022 deadline has now passed, and Plaintiff has failed to comply with the order to show cause.

DISCUSSION

Every litigant—whether pro se or represented—has an obligation to prosecute her claims diligently. See Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994). When a plaintiff fails to prosecute her case adequately, "dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." Id. Under Rule 41(b) of the Federal Rules of Civil Procedure, "it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte," and that such authority is "vital to the efficient administration of judicial affairs." Smith v. Westchester Cnty., No. 19-CV-1283-KMK, 2020 WL 883332, at *1 (S.D.N.Y. Feb. 24, 2020) (citations omitted). In determining whether to dismiss claims for failure to prosecute, a district court should consider the following factors: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000) (citations omitted). In making this determination, the court must weigh all five factors, but "none of the five factors is separately dispositive." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).

Here, the first two Baffa factors—the duration of the non-compliance and whether Plaintiff received warning—weigh in favor of dismissal. Plaintiff instituted this action in May 2020, and electronically served Defendant HSBC Hong Kong in July 2020. (Docket entry no. 8.) HSBC Hong Kong has not appeared and has taken no action in this case and, since the filing

of her Amended Complaint in October 2020 (docket entry no. 15), Plaintiff has taken no action to specifically prosecute this case against HSBC Hong Kong or Does 1 through 100. It has thus been over two years since Plaintiff has taken any action to further this case against these defendants. Over a month ago, Plaintiff received clear warning that her case was at risk of dismissal, and was specifically directed by the Court to show cause why her case should not be dismissed as to the remaining defendants. (Order at 8.) Plaintiff neglected to comply with this order, despite being represented by counsel—another consideration which weighs in favor of dismissal. See, e.g., Shad v. Slow Dancing Music, Inc., 190 F.R.D. 638, 640 (S.D.N.Y. 2000) (explaining that "where [a] plaintiff is represented by counsel" (as opposed to pro se), the court gives less weight to whether the plaintiff received an explicit warning of a risk of dismissal); Beecham v. State Farm Fire & Cas. Co., No. 07-CV-682S, 2008 WL 5191680, at *3 (W.D.N.Y. Dec. 10, 2008) (concluding that the fact that the "Plaintiff has at all times been represented by counsel" weighed in favor of a finding that he had received adequate notice of potential dismissal).

However, the remaining three Baffa factors—the risk of prejudice to defendants, judicial efficiency, and the value of less extreme sanctions—weigh against dismissal with prejudice. There is little risk of prejudice to either HSBC Hong Kong or Does 1 through 100, as Does 1 through 100 have yet to be identified by Plaintiff, and HSBC Hong Kong has taken no actions in this case. See LeSane, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself."). Any judicial inefficiency resulting from Plaintiff's inaction has likewise been minimal, as Plaintiff has simply failed to take action to pursue her claims against these defendants. See id. ("There must be compelling evidence of an extreme effect on court

congestion before a litigant's right to be heard is subrogated to the convenience of the court.") (citation omitted).  Finally, lesser sanctions are more suitable here because only some of the five Baffa factors weigh in favor of dismissal.  See Amoroso v. County of Suffolk, No. 08-Civ-826, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010) (concluding that, when only some of the five factors weighed in favor of dismissal, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity"); Barker v. City of New York, No. 19-CV-2582-JGK, 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020) (dismissal without prejudice better "complies with the fifth factor . . . because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions") (citation and quotation marks omitted).

Here, the Court concludes that dismissal without prejudice is the best course of action.  In the two years since this litigation began, Plaintiff has taken little action to move this case forward against defendants HSBC Hong Kong and Does 1 through 100, and Plaintiff did not comply with this Court's clear order to show cause as to why this case should not be dismissed.  This dismissal shall be without prejudice, however, in light of the minimal prejudice to defendants and the value of lesser sanctions.

## Conclusion

For the foregoing reasons, Plaintiff's claims against Defendants HSBC Hong Kong and Does 1 through 100 are dismissed without prejudice. The Clerk's Office is respectfully directed to enter judgment dismissing the case (in accordance with docket entry no. 34 and this order), and to close this case.

SO ORDERED.

Dated: New York, New York
December 9, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge